IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NAUTILUS EXPLORATION, INC. Individually and on behalf of all others similarly-situated, | § § § § | |
| Plaintiffs | § § | |
| v. | § § | No. 4:17-cv-00892 |
| EOG RESOURCES, INC. | § § § | |
| Defendant. | § | |

## PLAINTIFF'S CLASS ACTION COMPLAINT

### Case Summary

1. This case arises out of Defendant EOG Resources, Inc.'s ("EOG") breach of contract and other wrongs relating to its underpayment of revenue to working and mineral interest owners in natural gas fields across Texas.

2. Specifically, EOG is in breach of its gas marketing agreements with working interest owners by deducting charges from the working interest owner's share of revenue which are not actually incurred by EOG from the sale of gas. Additionally, EOG wrongly and deliberately overstated fuel deductions and applied a dry to wet conversion factor twice when calculating the netback price.

3. Plaintiff, on behalf of itself and all others similarly situated ("Class Members"), sues EOG to recover all overcharges to working and mineral interest owners during the respective Class Period and to enjoin EOG from continuing its breach of contract and deceptive and fraudulent acts in the future.

## Parties, Jurisdiction, and Venue

4. Plaintiff Nautilus Exploration, Inc. is a Texas Corporation with its principal place of business in Farmers Branch, Texas.

5. Defendant EOG Resources, Inc. is a Delaware corporation with its principal place of business in Houston, Texas and which may be served with process by serving its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3130.

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(d) because at least one Class Member is diverse from at least one defendant, the amount in controversy exceeds $5,000,000, exclusive of interests and costs, and there are more than 100 Class Members.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because EOG's principal place of business is in Houston, Texas.

## Facts

8. EOG, formerly Enron Oil & Gas Company, is one of the largest independent crude oil and natural gas companies in the United States.

9. In February of 2014, Nautilus entered into a Joint Operating Agreement ("JOA") with EOG to participate on a working interest basis in the McKinley A and B Units in Montague County, Texas.

10. In September of 2014 (30 days after the wells began producing), Nautilus received a standard form Gas Marketing Agreement ("GMA") from EOG and was given 30 days to sign or find another market for its pro rata share of the gas.

11. Pursuant to the GMA, EOG agreed to sell and dispose of Nautilus' working interest share of natural gas production from the properties described in Exhibit "A" to the GMA.

12. Once Nautilus started receiving revenue checks from the sale of the gas, Nautilus discovered the deductions from the sale of the gas to be unreasonably high.

13. For example, for production dates January 1, 2015 to January 31, 2015, the income attributable to Nautilus for residue gas and natural gas liquids ("NGLs") was $15,603.01. EOG deducted $13,369.95 from this amount, leaving Nautilus with a total income from gas sales in January of 2015 of $2,233.06.

14. Things have steadily deteriorated since that time. In January of 2016, EOG's deductions exceeded the income attributable to Nautilus from the sale of residue gas and NGLs, leaving Nautilus with a negative balance of $4,207.59.

15. Nautilus has identified at least three categories of systematic overcharges EOG has used to take money that rightfully belongs to Nautilus: 1) overstated fuel deductions; 2) wet to dry conversion factor; and 3) unused firm transportation charges.

16. EOG's fuel deductions are overstated and not based on actual charges to EOG since the fuel deductions are based on the WASP (Weighted Average Sales Price) at the delivery points instead of the "adjusted" WASP at the receipt point of each transportation leg. Paragraph 3 of the GMA only allows EOG to deduct costs "actually incurred" by EOG. Part of these fuel deductions were not actually incurred by EOG since transportation charges are included in EOG's fuel deductions, even when fuel is not transported on each leg.

17. EOG is applying a dry to wet conversion factor twice when calculating the netback price. Since the Btu factor used at the wellhead is the wet Btu factor and a wet to dry factor of .98251877 (1/1.01779226) is also applied to the residue gas, the gas is in effect converted to wet twice, resulting in Nautilus' gas netback to be understated by 1.75%.

18. EOG deducted and continues to deduct unused firm transportation ("FT") reservation charges from Nautilus' share of the gas sales price. These deductions are in violation of the terms of the GMA because they are not actually incurred.

19. Specifically, paragraph 3 of the GMA allows EOG to deduct only those costs which are "actually incurred" by EOG and "associated with or incident to marketing" the gas. Under Texas law, unused FT reservation charges are not "actually incurred" in connection with the marketing of gas produced from the properties described in Exhibit A to the GMA.

## Class Allegations

20. Pursuant to FRCP 23(a), (b)(2) and (b)(3), Plaintiff brings this action on its own behalf and on behalf of proposed class of all other similarly situated persons in the United States consisting of:

> All mineral and working interest owners who signed leases, operating agreements, and/or gas marketing agreements with EOG which provided that the Operator shall deduct from the costs only actually incurred by the Operator (the "Class").

21. Excluded from the Class are: (a) any entity in which EOG has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (b) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (c) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

22. Upon information and belief, the Class consists of thousands of persons and entities. Accordingly, it would be impracticable to join all Class members before the Court.

23. There are numerous and substantial questions of law or fact common to all of the members of the Class and which predominate over any individual issues. Included within the common question of law or fact to be shown through common evidence are:

1. Whether EOG breached its agreement with Plaintiff and the Class;

2. Whether EOG violated the Texas Natural Resource Code; and

3. The proper measure and amount of damages sustained by Plaintiff and the Class members.

24. The claims of Plaintiff are typical of the claims of Class members in that they share the above-referenced facts and legal claims or questions with Class members, there is a sufficient relationship between the damage to Plaintiff and Defendant's conduct affecting Class members, and Plaintiff has no interests adverse to the interests other Class members.

25. Plaintiff will fairly and adequately protect the interests of Class members and has retained counsel experienced and competent in the prosecution of complex class actions.

26. EOG has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

27. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, if any.

28. EOG's breach of contract and other overcharges will be shown through common evidence.

29. A class action is superior to other methods for the fair and efficient adjudication of this controversy because (i) there has been no interest shown of members of the Class in individually controlling the prosecution of separate actions; (2) Plaintiff is aware of no other litigation concerning the controversy already commenced by any member of the Class; (3) it is desirable to concentrate the litigation in this forum, which is familiar to both Plaintiff and Defendant; and (4) there are no difficulties likely to be encountered in the management of this class action.

## Causes of Action

### *Count One – Breach of Contract*

30. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

31. The agreements at issue are valid and enforceable contracts. EOG has materially breached its express contractual obligations to Plaintiff and Class members under the GMA. EOG has breached the GMA by overstating fuel deductions, applying a dry to wet conversion factor twice when calculating the netback price, and deducting unused FT reservation charges from Plaintiff's share of the gas sales price.

32. These breaches of contractual obligations, singularly and/or in combination, have caused and are still causing actual and consequential damages to Plaintiff and the putative Class, for which Plaintiff and the putative Class seek recovery from EOG.

### *Count Two – Money Had and Received/Unjust Enrichment*

33. Plaintiff incorporates all preceding paragraphs as if fully set out herein.

34. In the alternative to Count I, as a result of overcharges to Plaintiff and the Class, EOG obtained and holds money that in equity and good conscience belongs to Plaintiff and the Class members.

35. By accepting payment of the overcharges, EOG received a benefit to the tune of millions of dollars.

36. The benefit of the overcharges was received by EOG at Plaintiff's and Class members' expense because EOG wrongfully retained revenues due Plaintiff and Class members in accordance with the law and industry standards.

37. It would be unjust for EOG to retain the benefit of the overcharges because they were secured by deception.

38. As a result of EOG's unjust enrichment, Plaintiff and the Class members are entitled to recover as actual damages, and EOG should be ordered to disgorge, all overcharges received by EOG during the Class Period.

### *Count Three – Violation of Texas Natural Resource Code for Failure to Properly Pay Royalties*

39. Plaintiff incorporates all preceding paragraphs as if fully set out herein. This cause of action is pled in the alternative to other Counts herein.

40. EOG has failed to make proper payments due under the GMA as required by Section 91.402, *et. seq.*, of the Texas Natural Resources Code. EOG has underpaid Plaintiff and Class Members by overstating fuel deductions, applying a dry to wet conversion factor twice when calculating the netback price, and deducting unused FT reservations charges.

41. Because EOG has underpaid Plaintiff and Class Members for their share of the gas sales price, EOG has further failed to make proper payments to Plaintiff and the Class Members under the GMA within the statutorily prescribed time periods listed in Section 91.402 of the Texas Natural Resources Code.

42. Therefore, Plaintiff and the Class are entitled to interest and attorney's fees for EOG's failure to make such payments as required by Sections 91.403 and 91.406 of the Texas Natural Resources Code.

### *Count Four – Attorneys' Fees and Interest*

43. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

44. Pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code, and pursuant to principles of equity, Plaintiff and the Class are entitled to recovery of their reasonable and necessary attorney's fees, litigation expenses, and costs of court from EOG.

45. Pursuant to Chapter 91.406 of the Natural Resources Code, Plaintiff and the Class are entitled to recovery of their reasonable and necessary attorney's fees, litigation expenses, and costs of court from Defendant.

46. Plaintiff and the Class seek pre-judgment and post-judgment interest on all damages and attorney's fees to which they are entitled, pursuant to Section 304 of the Texas Finance Code, other statutory provisions, the common law, and equity.

47. Plaintiff and the Class further seek payment of interest on all late payments to which they are entitled, pursuant to Section 91.403 of the Natural Resources Code, other statutory provisions, the common law, and equity.

## Demand for Jury Trial

48. Plaintiff and the Class demand trial by jury as to all issues so triable as a matter of right.

## Prayer for Relief

WHEREFORE, Plaintiff and the Class request the following relief and that the Court:

a. Grant certification of this case as a class action;

b. Appoint Plaintiff as the Class Representative and Plaintiff's counsel as Class Counsel;

c. Award compensatory damages to Plaintiff and the proposed Class, or, alternatively, require Defendant to disgorge or pay restitution of its ill-gotten gains;

d. Issue an injunction preventing Defendant from continuing its wrongful practices;

e. Award pre- and post-judgment interest;

e. Award reasonable and necessary attorneys' fees and costs; and

f. For all such other and further relief as may be just and proper.

Respectfully submitted this 22nd day of March, 2017.

**STECKLER GRESHAM COCHRAN PLLC**

By: */s/ Bruce W. Steckler*
    Bruce W. Steckler
    Texas Bar No. 00785039
    bruce@stecklerlaw.com
    R. Dean Gresham
    Texas Bar No. 24027215
    dean@stecklerlaw.com
    L. Kirstine Rogers
    Texas Bar No. 24033009
    krogers@stecklerlaw.com

    12720 Hillcrest Rd., Ste. 1045
    Dallas, TX 75230
    (P) 972.387.4040
    (F) 972.387.4041

**MATHIS & LUCAS LLP**

By: */s/ Dena L. Mathis*
    Dena L. Mathis
    State Bar No. 13191950
    dena@mathislucas.com
    Kim A. Lucas
    State Bar No. 14991480
    kim@mathislucas.com
    8226 Douglas Avenue, Suite 450
    Dallas, Texas 75225
    (214) 706-7600
    (214) 706-7622 (Fax)

ATTORNEYS FOR PLAINTIFF
NAUTILUS EXPLORATION, INC.
INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY-SITUATED
AND THE PUTATIVE CLASS